UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1198

KATE PICKWORTH,

Plaintiff - Appellant,

versus

ENTREPRENEURS' ORGANIZATION, f/k/a Young
Entrepreneurs' Organization/World
Entrepreneurs' Organization,

Defendant - Appellee.

No. 07-1199

KATHERINE BEAUREGARD DAVIS,

Plaintiff - Appellant,

versus

ENTREPRENEURS' ORGANIZATION, f/k/a Young
Entrepreneurs' Organization/World
Entrepreneurs' Organization,

Defendant - Appellee.

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:06-cv-01205-TSE; 1:06-cv-01206-TSE)

Submitted:  December 19, 2007        Decided:  January 10, 2008

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brad D. Weiss, CHARAPP & WEISS, L.L.P., McLean, Virginia, for Appellants. Jonathan W. Greenbaum, Emily K. Hargrove, NIXON PEABODY, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kate Jacobs Pickworth and Katherine Beauregard Davis appeal the district court's grant of summary judgment to Entrepreneurs' Organization ("EO") on their claims of pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We view all disputed facts in the light most favorable to Pickworth and Davis, and draw all reasonable inferences in their favor. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 438 (4th Cir. 1998). Having reviewed the parties' briefs, the joint appendix, the supplemental appendix, and the district court's order, we conclude the district court properly determined that neither Pickworth nor Davis established that they suffered from pregnancy discrimination. Accordingly, we affirm.

To support her claim of constructive discharge, Pickworth was required to prove: (1) the action complained of was deliberately done; and (2) her working conditions were intolerable. Taylor v. Virginia Union Univ., 193 F.3d 219, 237 (4th Cir. 1999) (en banc). Pickworth failed to satisfy either of these

- 3 -

requirements. The record shows EO contemplated Pickworth's continued employment when they informed her of changes to her position. In addition, Pickworth admitted that her working conditions were not intolerable, and that she resigned on account of her perception that the proposed changes to her responsibilities constituted a demotion and would be detrimental to her career. On this view of the evidence, the district court properly concluded Pickworth had not established a claim of constructive discharge. See Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994) (noting dissatisfaction with assignments, the perception of unfair criticism, or difficult working conditions do not amount to intolerable conditions).

We also conclude the district court properly determined Davis failed to establish a prima facie showing of pregnancy discrimination. To establish a prima facie case of pregnancy discrimination, Davis was required to show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) that at the time of the adverse action, she was performing at a level that met EO's legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005). Davis failed to establish that she was performing at an acceptable level at the time she was terminated. In addition, the record shows that Davis' replacement was pregnant at the time she

was promoted to Davis' former position.  And even if Davis had set forth a prima facie case, she failed to show that EO's legitimate, nondiscriminatory reasons for her termination — poor performance and insubordination — were pretextual.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).  The district court thus properly determined Davis' pregnancy discrimination claims failed.

Accordingly, we affirm the order of the district court granting EO's motions for summary judgment and dismissing Pickworth's and Davis' actions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED